UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RONALD L SULLIVAN, | § |
| | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. H-09-3432 |
| | § |
| DEPARTMENT OF THE TREASURY | § |
| INTERNAL REVENUE SERVICE, *et al*, | § |
| | § |
| Defendants. | § |

**OPINION AND ORDER**

Pending before the Court is Defendant Internal Revenue Service's ("IRS") Motion for Summary Judgment (Doc. 40), as well as *pro se* Plaintiff Ronald L. Sullivan's ("Sullivan") response (Doc. 41) and objections (Doc.44). Upon review and consideration of Defendant's motion, the response and objections thereto, the relevant legal authority, and for the reasons explained below, the Court finds that the motion should be granted.

I.  Background and Relevant Facts

This is a Freedom of Information Act ("FOIA") case.  5 U.S.C. § 552, *et seq.*  Between 2004 and 2007, Sullivan submitted seven FOIA requests to the IRS concerning his 1989, 1998, 2002, and 2003 income tax liabilities.  (Doc. 40-4 ¶ 2; Doc. 40-5 ¶¶ 2–4; Doc. 40-6 ¶¶ 2–3.) Sullivan's first four FOIA requests, dated April 14, 2004, June 2, 2004, July 12, 2004, and July 26, 2004, were all closed as invalid because they failed to include proof of identification, among other deficiencies.  (Doc 40-4 ¶¶ 3–6; .)

On October 11, 2004, Sullivan made his fifth and sixth requests for documents from the IRS.  (Doc. 1-3 at 7; Doc. 40-4 ¶ 7–8; Doc. 40-6 ¶ 2.)  On January 3, 2005, in response to Sullivan's fifth FOIA request, the IRS released 190 pages of documents.  (Doc. 1-3 at 9; Doc 40-

6 ¶ 11.)  On two of the pages provided to Sullivan, the IRS withheld the name, taxpayer identification number, address, and tax return information of third parties pursuant to FOIA exemption (b)(3), disclosure of which is prohibited by Internal Revenue Code § 6103(a).  (*Id.*)  Sullivan's sixth request was closed as invalid because it consisted of interrogatories rather than a request for records.  (Doc. 40-4 ¶ 8.)

On April 26, 2007, Sullivan submitted his seventh FOIA request seeking Taxpayer Advocate Service and Appeals files relating to his tax returns.  (Doc. 40-5 ¶¶ 1–2.)  On May 31, 2007, the IRS provided Sullivan with 181 pages of documents responsive to his seventh request.  (Doc. 1-3 at 23; Doc. 40-5 ¶ 6.)  On one of the pages provided to Sullivan, the IRS withheld the name, taxpayer identification number, address, and tax return information of a third party pursuant to FOIA exemption (b)(3), disclosure of which is prohibited by Internal Revenue Code § 6103(a).  (*Id.*)

On October 29, 2009, *pro se* Plaintiff Sullivan filed suit *in forma pauperis* under FOIA, "for injunctive relief and other appropriate relief for the disclosure and release of agency records improperly withheld from plaintiff by the Defendants."  (Doc. 1 at 1.)  It appears that Sullivan contests the IRS's response to all seven of his FOIA requests.  (*Id.*)  On July 27, 2010, Sullivan filed an "Affidavit in Support of Criminal Complaint and Request for Arrest Warrant."  (Doc. 29.)  This request was denied.  (Docs. 34, 38.)  Defendant IRS now moves for summary judgment pursuant to Fed. R. Civ. P. 56(b).  (Doc. 40 at 1.)

II.  Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, however, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323–24. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the nonmoving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the

pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998) (overruled on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2414 (2006)). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139–40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The nonmovant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587–88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198–200 (5th Cir. 1988). The nonmoving party may also

identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). There is a "genuine" issue of material fact if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

III.  Discussion

The IRS excluded certain information requested by Sullivan in his FOIA requests pursuant to a FOIA exemption, 5 U.S.C. § 552(b)(3) and § 6103(a) of the Internal Revenue Code, 26 U.S.C. § 6103(a), because the information contained the personal data of other taxpayers. FOIA exemption (b)(3) states:

> (b)  This section does not apply to matters that are—
> . . .
>> (3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute--
>> (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or
>> (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld;
>> . . .

5 U.S.C. § 552(b)(3). Section 6103(a) of the Internal Revenue Code states:

> (a) General rule. --Returns and return information shall be confidential, and except as authorized by this title--
>> (1) no officer or employee of the United States, . . .
> shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

26 U.S.C. § 6103(a).

In order to prevail on its motion for summary judgment, the IRS must establish that it performed a reasonable search for documents responsive to Sullivan's valid requests. *See SafeCard Services, Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991); *Oglesby v. United States*

*Dept. of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Zemansky v. United States EPA*, 767 F.2d 659, 571 (9th Cir. 1985); *Weisburg v. Dep't of Justice*, 705 F.2s 1344, 1351 (D.C. Cir. 1983) (holding that "the agency must show beyond a material doubt . . . that it has conducted a search reasonably calculated to uncover all relevant documents"); *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995); *Patterson v. IRS*, 56 F.3d 832, 841 (7th Cir. 1995).

Defendant IRA provides the declarations of three IRS employees who processed Sullivan's seven FOIA requests. (Docs. 40-4, 40-5, and 40-6.). Sullivan contends that the Government's motion for summary judgment "was submitted in bad faith and solely for delay." (Doc. 41 at 7.) However, Plaintiff has not submitted any evidence of bad faith or delay on the Government's part. The presumption of good faith accorded to agency affidavits cannot be rebutted by a requester's "purely speculative claims about the existence and discoverability of other documents." *SafeCard Services*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

Because there are no material questions of fact regarding Sullivan's claims, summary judgment in favor of the Defendant is proper. *Manna v. United States Dep't of Justice*, 832 F. Supp. 866, 870 (D.N.J. 1993) (granting summary judgment solely on the basis of agency affidavits if they are "sufficiently detailed and are submitted in good faith."), aff'd 51 F.3d 1158 (3d Cir. 1996), cert. denied, 516 U.S. 975 (1995).

IV.  Conclusion

Accordingly, the Court hereby **ORDERS** that Defendant Internal Revenue Service's ("IRS") Motion for Summary Judgment (Doc. 40) is **GRANTED**.

All other pending motions are **MOOT**.

SIGNED at Houston, Texas, this 7th day of February, 2011.

                                      MELINDA HARMON
                        UNITED STATES DISTRICT JUDGE